**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| JOHN A. BARNES, | ) | |
| | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | NO.  11-CV-1082-WDS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
|     Respondent. | ) | |

**MEMORANDUM & ORDER**

**STIEHL, District Judge:**

Before the Court is petitioner's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.  The petitioner was convicted, after a plea of guilty, on two counts of distribution of crack cocaine.  *United States v. Barnes*, No. 10-30004 (S.D. Ill. 2010).  As part of that plea of guilty, the petitioner entered into an appellate waiver (See, para. III-1; Doc. 36, *United States v. Barnes,* No. 10-30004).  He now seeks habeas review, asserting ineffective assistance of counsel for failing to object to the career offender sentencing enhancement based on an Illinois assault conviction from 1998; for failing to file a timely notice of appeal; and for failing to object to the career offender guidelines, which amounted to a sentence which was cruel and unusual punishment.

The Court has conducted several threshold inquiries. Petitioner is a federal prisoner, in custody, and this is the Court that imposed his sentence. See 28 U.S.C. § 2255(a). His claims for relief rely upon the grounds that his sentence was imposed "in violation of the Constitution or laws of the United States." *See id.* The motion was filed within one year of the date on which petitioner's conviction became final. *See Clay v. United States*, 537 U.S. 522, 525 (2003); 28

U.S.C. § 2255(f). This is not a "second or successive" motion that would require leave from the court of appeals. 28 U.S.C. § 2255(h).  In his plea agreement, petitioner waived his right to contest his conviction and sentence under any provision of federal law, including § 2255 (Doc. 36, 10-30004). However, such a waiver, though binding in other respects, does not prevent review of an assertion that the plea agreement itself was a product of ineffective assistance of counsel. *United States v. Jemison*, 237 F.3d 911, 916, n.8 (7th Cir. 2001).

Accordingly, the Court **DIRECTS** the Government to respond  to petitioner's motion (Doc. 1), attaching all relevant portions of the record, within forty-five (45) days of the date of this Order.

**IT IS SO ORDERED.**

**DATE:   10 September, 2012**

**/s/  WILLIAM D. STIEHL** 
**DISTRICT JUDGE**