IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN A. BARNES, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | )   CIVIL NO. 11-CV-1082-WDS |
| | )   CRIMINAL NO. 10-CR-30004-WDS |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Respondent. | ) |

## ORDER

**STIEHL, District Judge:**

Before the Court is petitioner's motion for records, requesting that the Court direct the Clerk of the Court to provide him with particular documents (Doc. 5). Specifically, petitioner requests from the record of his criminal proceeding (*United States v. Barnes*, No. 3:10-CR-30004-WDS): (1) the information establishing prior convictions (Docs. 22, 23); (2) transcripts of the change of plea hearing (Doc. 35[1]); (3) plea agreement (Doc. 36); (4) stipulation of facts (Doc. 37); and (5) sentencing transcripts (Doc. 45[2]). Petitioner filed an additional motion in his criminal case, requesting his sentencing transcript, enhancements, plea bargain, and docket sheet (Case No. 10-CR-30004-WDS, Doc. 63).

Also before the Court is the government's motion for extension of time to file a response to petitioner's motion (Doc. 6), petitioner's motion to amend (Doc. 7), and petitioner's memorandum in support of his motion to amend (Doc. 8), which the Court will consider infra.

---

[1] Document 35 is not, in fact, the plea transcript, but is the minute entry for the change of plea hearing. On November 9, 2012, the transcript of the change of plea hearing was filed at Doc. 61.

[2] Document 45 is not the sentencing transcript, but is the minute entry for the sentencing hearing. On November 9, 2012, the transcript of the sentencing hearing was filed at Doc. 62.

Petitioner asserts that the requested documents are necessary so that he may factually supplement or amend his initial claims of ineffective assistance, and avoid, in petitioner's terms, the "likely possibility that his § 2255 may be denied because it only states 'conclusory allegations.'" (Doc. 5).

In his initial petition, he stated claims of ineffective assistance of counsel for (1) failing to object to the career offender sentencing enhancement which was based, in part, on an Illinois assault conviction from 1998; (2) failing to timely file a notice of appeal; and (3) failing to object to the career offender guidelines, which amounted to a sentence which was cruel and unusual punishment. On September 10, 2012, this Court directed the government to respond to these claims (Doc. 3). Petitioner now seeks to supplement these claims with facts from the requested documents.

The Southern District of Illinois instructions for filing a motion to vacate, set aside, or correct a sentence by a person in federal custody provides, at paragraph 5:

> **You do not need to pay a filing fee to file this motion**. If you need a transcript of the proceedings related to your motion and cannot afford to pay for it, you must file a motion asking to proceed *in forma pauperis* (as a poor person). A sample motion to proceed in forma pauperis may be obtained from the Clerk of Court at the address below. You must also submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you and file a motion asking for the transcript under 28 U.S.C. §753(f). A judge must certify that your motion is not frivolous and that the transcript is needed to decide the issue presented in the motion.

Furthermore, regarding copies of other documents, petitioner "may receive photocopies of pleadings, documents, and papers filed in his case-whether filed by Plaintiff or any other party-but **only upon tendering the appropriate fees and costs to the Clerk of Court**." *Wilkins v. Illinois Dept. of Corrections*, No. 08-cv-732-JPG, 2009 WL 4894588 at *1, (S.D. Ill. December 11, 2009). According to 28 U.S.C. § 1914(b), "[t]he clerk shall collect from the parties such additional fees

only as are prescribed by the Judicial Conference of the United States." The Judicial Conference Schedule of Fees section (4) provides that a fee of $.50 per page shall apply for reproducing any record or paper.

Petitioner here has not provided payment for the copies requested, nor has he established *in forma pauperis* ("IFP") status. Furthermore, should petitioner establish IFP status, "it does not allow him to automatically have a free copy of every pleading, document, or paper electronically filed with this Court," but, the Court may waive the copying fees for good cause shown. *Wilkins*, 2009 WL 4894588 at *1; *see also, In re Richard*, 914 F.2d 1526, 1527 (6th Cir. 1990) ("Although the petitioner was granted leave to proceed in the district court as a pauper, that status waives only 'prepayment of fees and costs and security ....' 28 U.S.C. § 1915(a). It does not give the litigant a right to have the documents copied and returned to him at government expense.").

Petitioner has not established that he is indigent. Furthermore, he has not established that he has exhausted all other means of access to the file, such as potentially obtaining the documents from his trial counsel. *See United States v. Wilkinson*, 618 F.2d 1215, 1218-19 (7th Cir. 1980); *Rush v. United States*, 559 F.2d 455, 458-59 (7th Cir. 1977). Attached to his original § 2255 motion is a letter to Mr. Stegmeyer, whom petitioner retained as counsel during his criminal proceedings, requesting certain documents from his criminal proceedings. Petitioner, in his motion, has requested different documents from those noted in his letter, and has not informed the Court that he has attempted to procure these documents from his trial attorney, but has been unable. Moreover, petitioner has, since filing his motion for copies (Doc. 5), filed a motion to amend (Doc. 7) and memorandum in support (Doc. 8), apparently without the aid of the requested documents. The Court is unsure, therefore, whether the documents are even necessary for petitioner's purposes at this

stage.

Accordingly, petitioner must either pay the appropriate fee for the copies he seeks, or file a motion with this Court to proceed IFP and show good cause for this Court to waive the copying fees. The Clerk of the Court is **DIRECTED** to send to petitioner, via U.S. Mail, the form for filing a motion and affidavit to proceed in the district court without prepaying fees or costs.

The Court, therefore, **DENIES** petitioner's motion for request of disclosure of records (Doc. 5) at this time. The motion for copies filed in his criminal case, 10-CR-30004-WDS, Doc. 63, is also **DENIED** at this time.

After the Court directed the government to respond to petitioner's initial petition on September 10, 2012, petitioner filed a memorandum in support of his § 2255 petition (Doc. 4), the motion for copies noted supra (Doc. 5), a motion to amend his § 2255 petition (Doc. 7), and a memorandum in support of his motion to amend (Doc. 8).

In petitioner's supplement, filed September 24, 2012 (Doc. 4), petitioner raises the following new claims of ineffective assistance of counsel: (1) failure to invoke Fed. R. Crim. P. 11(c)(1)(C) during plea negotiations, which resulted in the government seeking a career offender sentencing enhancement; and (2) counsel's erroneous advice rendered the plea involuntary and not knowingly entered. He also asserts that he may be entitled to a sentence reduction based on *Dorsey v. United States*, 132 S.Ct. 2321 (June 21, 2012). "An amended habeas petition, . . . , does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle v. Felix*, 545 U.S. 644, 649 (2005). At first glance, these new arguments do not appear to relate back to petitioner's timely petition. In its response, the Government **SHALL** address whether the arguments

contained in Doc. 4 are timely.

On November 26, 2012, petitioner filed a motion to amend his § 2255 motion (Doc. 7). In this motion, petitioner requests that the Court amend his initial petition to add the arguments contained in Document 7. For grounds I and II, petitioner appears to add facts or arguments with respect to his original timely claims, and the Court, therefore **GRANTS IN PART** petitioner's motion to amend, and allows the requested changes contained in Document 7 as to grounds I and II of the original petition.

Ground III of the motion to amend, however, refers to a claim that petitioner appears to have first raised in his supplement, and therefore, it may be untimely. The government, in its response, **SHALL** address whether this amendment would be timely, and the Court **RESERVES RULING** on this portion of petitioner's motion to amend. Additionally, petitioner seeks to add an additional ground for relief, specifically, that he has attempted to rehabilitate himself by completing a number of rehabilitation programs which may allow the Court to depart from the career offender guidelines. The government, in its response, **SHALL** address whether this amendment would be timely, and the Court **RESERVES RULING** on this portion of petitioner's motion to amend.

Furthermore, in petitioner's supplemental memorandum in support of his motion to amend (Doc. 8), petitioner does not enumerate his claims to match his motion to amend or his other previous pleadings. In this supplement, petitioner argues (1) counsel was ineffective for failing to inform petitioner that by entering the plea he waived his rights to appeal, and the plea was, therefore, not knowingly entered. This argument relates to an argument first raised in petitioner's supplement, and the government has already been directed to address whether this claim is timely. Next, petitioner argues, for the first time, that counsel was ineffective for failing to advise petitioner that

he stipulated to possessing a dangerous weapon. In it's response, the government **SHALL** address whether this claim is timely. In section II of petitioner's memorandum, he argues that counsel was ineffective for failing to object to the career offender enhancement. These arguments relate back to petitioner's original § 2255 petition, and the Court will, therefore, consider them, and the government shall respond appropriately. Section III of petitioner's memorandum consists of arguments in support of his claim that counsel was ineffective for failing to file a notice of appeal. These arguments relate back to petitioner's original § 2255 petition, and the Court will, therefore, consider them, and the government shall respond appropriately.

The government's motion for extension of time to file a response (Doc. 6) is **GRANTED**, and the government **SHALL** file its response, in accordance with this Order and the Court's previous Order directing it to respond (Doc. 3), on or before January 25, 2013. Petitioner **SHALL** file a reply, if any, within **30 DAYS** of the government's response.

The Clerk of the Court is **DIRECTED** to mail a copy of this Order to Charles H. Stegmeyer, Jr.

**IT IS SO ORDERED.**

**DATE:  December 28, 2012**

                                    **/s/  WILLIAM D. STIEHL**
                                        **DISTRICT JUDGE**