# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN A. BARNES, | ) |
| Petitioner, | ) |
| v. | ) CASE NO. 11-CV-1082-WDS |
| UNITED STATES of AMERICA, | ) CRIMINAL NO. 10-CR-30004-WDS |
| Respondent. | ) |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court is petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 1), to which the government has filed a response (Doc. 13). Also before the Court are petitioner's supplemental motion (Doc. 4), motion to amend (Doc. 7) and supplemental motion in support of his motion to amend (Doc. 8).[1]

## BACKGROUND

Petitioner pleaded guilty and was convicted of two counts of distribution of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). (No. 10-CR-30004-WDS). Petitioner executed a plea agreement and a stipulation of facts. In his plea agreement, petitioner waived his right to contest his conviction and sentence under any provision of federal law, including § 2255. (No. 10-CR-30004-WDS, Doc. 36 at 10-11).

---

[1] The court liberally construed petitioner's pro se pleadings. *See Smith v. Grams*, 565 F.3d 1037, 1041-42 (7th Cir. 2009); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

On January 14, 2011, petitioner was sentenced to 200 months of imprisonment on each of Counts 1 and 2, to be served concurrently, 6 years of supervised release, a fine of $400.00, and a special assessment of $200.00. Petitioner did not file a direct appeal.

On October 31, 2011, in his criminal case, petitioner filed a motion for retroactive application of the sentencing guidelines to his crack cocaine offenses, based on the Fair Sentencing Act of 2010, which this Court denied, finding that the defendant was not entitled to a sentence reduction (No. 10-CR-30004-WDS, Doc. 66). Specifically, the Court determined that the defendant was sentenced at a base level of 31 with a criminal history category of VI, resulting in a guidelines range of 188-235 months, and that the amendments to the advisory guidelines would not, given his prior offense history, make him eligible for any relief under § 3582. *Id.*

On December 12, 2011, petitioner filed the instant motion pursuant to 28 U.S.C. § 2255 (Doc. 1), in which he asserts that counsel was ineffective in that he: (1) failed to object to the career offender sentencing enhancement which was based, in part, on an Illinois assault conviction from 1998; (2) failed to timely file a notice of appeal; and (3) failed to object to the career offender guidelines, which resulted in a sentence which amounted to cruel and unusual punishment.

In response (Doc. 13), the government argues that petitioner's § 2255 motion should be dismissed as barred by the collateral review waiver executed as part of his plea agreement.

After the Court directed the government to respond to petitioner's initial petition, petitioner filed a supplemental motion in support of his § 2255 petition (Doc. 4), a motion to amend his § 2255 petition (Doc. 7), and a supplemental motion in support of his motion to amend (Doc. 8). The Court previously partially ruled on whether it should consider the amendments in these

documents, but reserved ruling on some of the claims contained therein (Doc. 10). These amendments, and the Court's determination as to whether it will consider the claims therein, are discussed in detail, *infra*.

## **LEGAL STANDARD**

Relief under § 2255 is "reserved for extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993)). Section 2255 requires the court to vacate, set aside, or correct the sentence of a prisoner in custody if the Court finds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

A § 2255 motion "can *not* raise (1) issues that were raised on direct appeal, absent a showing of changed circumstances; (2) nonconstitutional issues that could have been but were not raised on direct appeal; and (3) constitutional issues that were not raised on direct appeal, *unless* the section 2255 petitioner demonstrates cause for the procedural default as well as actual prejudice from the failure to appeal." *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992), *overruled on other grounds by Castellanos v. United States*, 26 F.3d 717 (7th Cir. 1994). Section 2255 is "neither a recapitulation of nor a substitute for a direct appeal." *Olmstead v. United States*, 55 F.3d 316, 319 (7th Cir. 1995). Thus:

> [a]n issue not raised on direct appeal is barred from collateral review absent a showing of both good *cause* from the failure to raise the claims on direct appeal and actual *prejudice* from the failure to raise those claims, or if a refusal to consider the issue would lead to a fundamental miscarriage of justice.

*Prewitt*, 83 F.3d at 816 (emphasis in original).

3

### A. Ineffective Assistance of Counsel Claims

Ineffective assistance of counsel claims, however, have been identified as generally raised and considered on collateral review, where a complete record can be developed. *Massaro v. United States*, 538 U.S. 500, 504 (2003); *United States v. Harris*, 394 F.3d 543, 557-58 (7th Cir. 2005). The petitioner bears a heavy burden to establish ineffective assistance of counsel. *United States v. Trevino*, 60 F.3d 333, 338 (7th Cir. 1995). These claims are evaluated under the two-prong *Strickland* test. *McDowell v. Kingston*, 497 F.3d 757, 761 (7th Cir. 2007) (citing *Strickland v. Washington*, 466 U.S. 688, 690, 694 (1984)). To succeed, the petitioner must establish that (1) counsel's performance fell below an objective standard of reasonableness and (2) that counsel's deficient performance prejudiced the defendant in such a way that, but for counsel's errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 688, 695. The Court is not required to analyze both the performance and prejudice prong, because the failure to satisfy either prong is fatal to the claim. *Ebbole v. United States*, 8 F.3d 530, 533 (7th Cir. 1993); *United States v. Slaughter*, 900 F.2d 1119, 1124 (7th Cir. 1990).

### B. Waiver of Appellate and Collateral Review Rights

"It is well-settled that waivers of direct and collateral review in plea agreements are generally enforceable." *Hurlow v. United States*, 726 F.3d 958, 964 (7th Cir. 2013). A plea agreement is, however, a contract, and as such, "waivers contained in the agreements are unenforceable in certain circumstances akin to those in which a contract would be unenforceable, such as when the government has materially breached the agreement, or the dispute falls outside the scope of the waiver." *Id*. (internal citation omitted). Furthermore, there are limited circumstances under which a knowing and voluntary waiver of direct appeal or collateral review

4

will not be enforced: (1) when the sentence exceeds the statutory maximum, (2) when the plea or court relies on a constitutionally impermissible factor like race, or (3) when counsel is ineffective in the negotiation of the plea agreement. *Dowell v. United States*, 694 F.3d 898, 902 (7th Cir. 2012).

The Seventh Circuit has "repeatedly recognized that appellate and collateral review waivers cannot be invoked against claims that counsel was ineffective in the negotiation of the plea agreement." *Hurlow*, 726 F.3d at 964. "[A]n attorney's ineffectiveness with regard to the plea agreement as a whole, and not just the specific waiver provision at issue, renders the waiver unenforceable." *Id*. at 965. The logic behind this principle is that any claim that the plea agreement itself was involuntary, or that it was the product of ineffective assistance of counsel, bears on the validity of the plea agreement as a whole, "and so it would knock out the waiver . . . along with the rest of the promises if successful." *Id*. (internal quotation omitted). In other words, the waiver stands or falls with the plea bargain of which it is a part. *Id*. at 965. In essence then, "a direct or collateral review waiver does not bar a challenge regarding the validity of a plea agreement (and necessarily the waiver it contains) on grounds of ineffective assistance of counsel." *Id.*

### C. Supplements and Amendments to the Initial Petition

"A district court may properly deny a motion to amend as futile if the proposed amendment would be barred by the statute of limitations." *Rodriguez v. United States*, 286 F.3d 972, 980 (7th Cir. 2002) (noting that amendments may also be denied, in the court's discretion, under Rule 15 based on undue delay, bad faith, dilatory motive, or prejudice). "An amended habeas petition, . . . , does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new

ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle v. Felix*, 545 U.S. 644, 650 (2005); *see also, Rodriguez*, 286 F.3d at 981 (the Seventh Circuit has noted (without indicating disapproval), rulings in other circuits which have determined that untimely claims which attempt to bring entirely new theories or claims for relief are barred, and that an untimely claim does not "relate back" merely on the basis that it arose out of the same trial or sentencing proceeding as the timely claims.).

Once the one-year time limit has expired, the statute can be tolled by an amendment that relates back to the original, timely filing. *Rodriguez*, 286 F.3d at 981. More specifically, in accordance with Fed. R. Civ. P. 15(c), "an amended complaint relates back to the date of the original complaint for purposes of tolling the statute of limitations where 'the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading.'" *Id*. (quoting Fed. R. Civ. P. 15(c)(2)).

The Court has determined that the best course of action in this particular case is to first rule on whether the claims contained in the motions are timely, and will be considered on the merits. This determination is based on the fact that, whether the petitioner made a timely claim as to whether his plea was knowing and voluntary, could bear on whether the collateral relief waiver is valid and enforceable as to his claims as a whole.

## ANALYSIS

### I. Petitioner's Amendments

#### A. Supplemental Motion (Doc. 4)

On September 24, 2012, petitioner filed a supplemental motion (Doc. 4), raising the following claims, based on ineffective assistance of counsel: (1) failure to invoke Fed. R. Crim. P.

6

11(c)(1)(C) during plea negotiations, which resulted in the government seeking a career offender sentencing enhancement; and (2) counsel's erroneous advice rendered the plea involuntary and not knowingly entered.[2]

Petitioner's conviction became final when he was sentenced, and the sentence became final when the deadline for filing a notice of appeal expired, which was in January, 2011. *Clarke v. United States*, 703 F.3d 1098, 1100(7th Cir. 2013); *Clay v. United States*, 537 U.S. 522, 525 (2003). Petitioner's had one year from then to file his motion pursuant to § 2255, and did file a timely petition. His supplemental motion, however, was filed approximately eight (8) months after the one-year time limit expired. Based on the untimeliness of the motion to supplement (Doc. 4), the claims included therein will be denied unless they relate back to the claims filed in the timely petition (Doc. 1).

Plaintiff's original timely claims are based on his attorney's ineffectiveness for failing to object to the career offender enhancement during sentencing, and his failure to file an appeal, as requested, after sentencing (Doc. 1). The claims included in the supplemental motion, however, raise for the first time, complaints regarding counsel's deficiencies during the plea proceedings. These claims are entirely different in time and type from those in the original petition. The Court is mindful that petitioner mentions the same career offender enhancement in both pleadings, however, it is apparent that he is referring to counsel's actions at completely different times. The timely motion only refers to sentencing and appeal, while the untimely supplement refers to counsel's alleged failure to invoke Fed. R. Civil P. 11(c) (1)(C) during *plea negotiations*.

The claims contained in the untimely supplemental motion are entirely different in both

---

[2] He also separately asserts that he may be entitled to a sentence reduction based on *Dorsey v. United States*, 132 S.Ct. 2321 (June 21, 2012), however, as noted *supra*, petitioner tried unsuccessfully to obtain such a reduction in his criminal case. This claim is therefore, **DENIED AS MOOT**.

time and type from the timely claims set forth in the original pleading, and therefore, these claims would be barred by the statute of limitations. Notably, the Court can find no reason (and petitioner provides none) why petitioner would not have been able to raise the claims in his initial, timely, petition. Accordingly, the Court **DENIES** petitioner's motion to supplement (Doc. 4) as futile.

    B.    **Motion to Amend (Doc. 7)**

On November 26, 2012, petitioner filed another motion to amend his § 2255 motion (Doc. 7). In this motion, petitioner requests that the Court amend his initial petition to add the arguments contained therein. The claims contained in the motion to amend come nearly ten (10) months after the expiration of the § 2255 time limit, and, therefore, the claims included therein will be denied unless they relate back to the claims filed in the timely petition (Doc. 1).

In petitioner's enumerated grounds I and II, he appears to add facts or arguments with respect to his original timely claims, specifically, providing additional facts for his claim that he received ineffective assistance as a result of counsel's failure to file a timely notice of appeal. The Court previously granted in part petitioner's motion to amend, allowing the aforementioned amendments (Doc. 10).

Ground III of the motion to amend, however, refers to a claim that petitioner raised in his supplement, specifically, that counsel was ineffective during plea negotiations for failing to ensure that the plea was knowingly and intelligently entered. Petitioner also seeks to add a fourth ground for relief, specifically, that he has attempted to rehabilitate himself by completing a number of rehabilitation programs which may allow the Court to depart from the career offender guidelines. The Court reserved ruling on these portions of petitioner's motion to amend (Doc. 10).

Upon review of these two claims, it is apparent that they are entirely different in both time and type from those brought in the initial petition. Again, the initial petition referred to deficiencies during and after sentencing, while ground III of the motion to amend refers to plea negotiations, and ground IV refers to an entirely new claim with respect to petitioner's post-conviction conduct.

The two claims contained in the untimely motion, upon which the Court reserved ruling, are entirely different in both time and type from the timely claims set forth in the original pleading, and therefore, these claims would be barred by the statute of limitations. Notably, the Court can find no reason (and petitioner provides none) why petitioner would not have been able to raise these claims in his initial, timely, petition. Accordingly, the Court **DENIES IN PART** petitioner's motion to supplement (Doc. 7) with respect to grounds III and IV, as futile.

### C. Supplemental Motion in Support of Motion to Amend (Doc. 8)

Also on November 26, 2012, petitioner filed a supplemental motion in support of his motion to amend (Doc. 8). Again, the claims contained in the supplemental motion come nearly ten (10) months after the expiration of the § 2255 time limit, and, therefore, the claims included therein will be denied unless they relate back to the claims filed in the timely petition (Doc. 1).

In section II of petitioner's motion, he argues that counsel was ineffective for failing to object to the career offender enhancement. Section III of petitioner's motion consists of arguments in support of his claim that counsel was ineffective for failing to file a notice of appeal. These arguments relate back to petitioner's original § 2255 petition, and the Court determined, therefore, that it would consider them, and previously granted in part petitioner's motion on this basis (Doc. 10).

9

In section I of this motion, however, petitioner argues that counsel was ineffective for failing to inform petitioner that by entering the plea he waived his rights to appeal, and the plea was, therefore, not knowingly entered. Petitioner also argues, for the first time, that counsel was ineffective for failing to advise petitioner that he stipulated to possessing a dangerous weapon. The Court reserved ruling on these claims (Doc. 10).

Upon review of these two claims, it is apparent that they are entirely different in both time and type from those brought in the initial petition. Again, the initial petition referred to deficiencies during and after sentencing, while ground I of the supplemental motion refers to plea negotiations, and an entirely new claim with respect to petitioner's stipulation to possessing a dangerous weapon.

The two claims contained in the untimely motion, upon which the Court reserved ruling, are entirely different in both time and type from the timely claims set forth in the original pleading, and therefore, these claims would be barred by the statute of limitations. Notably, the Court can find no reason (and petitioner provides none) why petitioner would not have been able to raise the claims in his initial, timely, petition. Accordingly, the Court **DENIES IN PART** petitioner's motion to supplement (Doc. 8) with respect to grounds I, as futile.

**D. Surviving Claims**

For purposes of clarity, petitioner's timely claims and amendments, which will be under consideration in the remainder of these proceedings are as follows:

- The claims contained in the original petition, namely, counsel was ineffective in that he: (1) failed to object to the career offender sentencing enhancement which was based, in part, on an Illinois assault conviction from 1998; (2) failed to timely file a notice of appeal; and

(3) failed to object to the career offender guidelines, which resulted in a sentence which amounted to cruel and unusual punishment;

- Grounds I and II of petitioner's motion to amend (Doc. 7), which provide additional facts for his claim that he received ineffective assistance as a result of counsel's failure to file a timely notice of appeal; and

- Sections II and III of petitioner's supplemental motion (Doc. 8), which provide additional facts with respect to petitioner's claim that counsel was ineffective for failing to object to the career offender enhancement, and his claim that counsel was ineffective for failing to file a notice of appeal.

## II.     Appellate and Collateral Review Waiver

At the outset, the government asserts that petitioner knowingly and voluntarily waived the right to collaterally attack his sentence, and as a result, his motion pursuant to § 2255 should be dismissed.

Petitioner's plea agreement contained, *inter alia*, the following provisions:

> 1. The Defendant understands that by pleading guilty, he is waiving all appellate issues that might have been available if he had exercised his right to trial. The Defendant states that he is fully satisfied with the representation he has received from his counsel, that they have discussed the Government's case, possible defenses and have explored all areas which the Defendant has requested relative to the Government's case and his defense.
>
> 2. The Defendant is aware that Title 18, Title 28, and other provisions of the United States Code afford every defendant limited rights to contest a conviction and/or sentence. Acknowledging all this, and in exchange for the recommendations and concessions made by the Government in this plea agreement, the Defendant knowingly and voluntarily waives his right to contest any aspect of his conviction and sentence that could be contested under Title 18 or Title 28, or under any other provision of federal law, except that if the sentence imposed is in excess of the Sentencing Guidelines as determined by the Court (or any applicable statutory minimum, whichever is greater), the Defendant reserves the right to appeal the reasonableness of the sentence. The Defendant acknowledges that in the event such

> an appeal is taken, the Government reserves the right to fully and completely defend the sentence imposed, including any and all factual and legal findings supporting the sentence, even if the sentence imposed is more severe than that recommended by the Government. Defendant knowingly and voluntarily waives his right to seek a pardon, whether before or after his release from custody.

(No. 10-CR-30004-WDS, Doc. 36 at 10-11). Petitioner affirmed to the Court, under oath, his understanding of this particular portion of his plea agreement, at his change of plea hearing, after the Court essentially read aloud the above portions of the plea agreement to the petitioner (No. 10-CR-30004-WDS, Plea Transcript, Doc. 61 at 10-12). Furthermore, petitioner did not file a timely claim that his plea was not knowing or voluntary, or that counsel was ineffective during the negotiation of the plea agreement. *See Hurlow*, 726 F.3d at 964 (as indicated *supra*, notwithstanding such a waiver, petitioner was not barred from being heard on claim that his plea agreement was the product of ineffective assistance of counsel, but petitioner failed to raise such a claim within the AEDPA's' one year statute of limitations, and instead, first raised a claim with respect to the plea eight (8) months too late.).

The terms of the agreement are clear and unambiguous, the petitioner signed the plea agreement, and stated to the Court, under oath, that he was not pleading pursuant to any promises or threats by anyone. In other words, the record reveals that petitioner knowingly and voluntarily pleaded guilty. "Because the plea was voluntary, the waiver of appeal must be enforced." *Nunez v. United States*, 546 F.3d 450, 453 (7th Cir. 2008). Accordingly, the waiver executed by petitioner is valid, and he has, accordingly, waived his right to present his claims regarding counsel's ineffectiveness with respect to the career offender enhancement.

There is one remaining caveat, however, in that petitioner claims that counsel failed to file a notice of appeal after being requested to do so. He asserts that he requested that counsel file an appeal based on his belief that the career offender enhancement was erroneously applied.

The Seventh Circuit determined in *Dowell*, that, even in light of a valid appellate waiver, "[w]hen counsel does not provide effective assistance by failing to file a notice of appeal of an issue specifically reserved for appeal in the plea, a petitioner must be able to use a collateral attack to save the appeal from being lost due to counsel's failure to do what he was requested." *Dowell v. United States*, 694 F.3d 898, 902 (7th Cir. 2012). The *Dowell* case is distinct from *Nunez v. United States*, 546 F.3d 450 (7th Cir. 2008), however, in which the petitioner asserted that his attorney did not file his request to file a notice of appeal, but the only exceptions to the waiver in the plea agreement were to "contest the voluntariness of the plea and to challenge a sentence above the statutory maximum." 694 F.3d at 902. In that case, the plea was voluntary and the sentence was below the statutory maximum, and consequently, the Court determined that an attorney, in those circumstances, does not render ineffective assistance by failing to file a notice of appeal in light of his client's formal waiver. *Id.*

Petitioner's plea agreement does not specifically reserve the right to appeal the career offender determination, the only issue alleged by petitioner as the basis for his desire to appeal. Similar to *Nunez*, the only[3] exception to the waiver in the plea agreement was petitioner's ability to appeal the reasonableness of the sentence "if the sentence imposed is in excess of the Sentencing

---

[3] Petitioner's waiver of appeal and collateral rights also does not apply to: (1) any subsequent change in the interpretation of the law by the United States Supreme Court or the United States Court of Appeals for the Seventh Circuit, which is declared retroactive by those Courts, and which renders the Defendant actually innocent of the charges covered therein, and (2) appeals based upon Sentencing Guideline amendments which are made retroactive by the United States Sentencing Commission (see U.S.S.G. § IBl.I0). (No. 10-CR-30004-WDS, Doc. 36 at 10-11). These exceptions are irrelevant to the current matter, and therefore, not discussed in detail.

Guidelines as determined by the Court (or any applicable statutory minimum, whichever is greater)." (No. 10-CR-30004-WDS, Doc. 36 at 10).

The Court determined that the appropriate offense level in this case was a 31, with a criminal history category of VI, which produced an advisory guideline range of 188 to 235 months. (No. 10-CR-30004-WDS, Sentencing Transcript, Doc. 62 at 14). The petitioner faced a statutory maximum of thirty (30) years on each count. The Court accepted the plea agreement, and its sentence and judgment was consistent with that agreement (and in fact twelve (12) months less than petitioner's expectation as memorialized in the plea agreement). The government had agreed to recommend a sentence in the "middle" of the guidelines range determined by the Court, and in fact, recommended a sentence of 212 months. *Id.* at 16-17. The Court imposed a sentence of 200 months.

In light of the fact that petitioner's sentence was not in excess of the Sentencing Guidelines as determined by the Court (or any applicable statutory minimum), the exception to the waiver of appeal rights, contained in the plea agreement, does not apply to petitioner's claims disputing the Court's application of the career offender enhancement, and counsel had no duty to file an appeal. Moreover, "[w]ith the waiver in force, counsel's duty to protect his client's interests militates against filing an appeal." *Nunez*, 546 F.3d at 455.

> Instead of being obliged to follow his client's (latest) wishes, however unreasonable they may be, a lawyer has a duty to the judiciary to avoid frivolous litigation-and an appeal in the teeth of a valid waiver is frivolous. A lawyer also has a duty to his client to avoid taking steps that will cost the client the benefit of the plea bargain. A lawyer might have a responsibility to file an appeal if the client indicated a desire to withdraw the plea, for that amounts to a declaration by the defendant of willingness to give up the plea's benefits, and withdrawal would abrogate the waiver too; but [petitioner] (who had not asked the district judge to set aside the plea) does not contend that he told his lawyer that he had any desire to achieve that goal by an appeal.

*Id.* (citation omitted).

Upon review of the record, petitioner executed a valid waiver of his appellate and collateral review rights, and has not presented any claims or facts which would invalidate that waiver or otherwise allow him to proceed with his petition pursuant to § 2255. Accordingly, petitioner's motion (Doc. 1), and the allowed amendments and supplements thereto, are **DENIED** on all grounds raised.

### III.     Hearing

Because summary dismissal of a § 2255 motion is appropriate when the motion and the files and records of the case conclusively demonstrate that the petitioner is not entitled to relief, this Court **FINDS** that it is not necessary to hold a hearing. 28 U.S.C. § 2255(b), *see also, Politte v. United States*, 852 F.2d 924, 931 (7th Cir. 1988).

### I.     Certificate of Appealability

Should Petitioner desire to appeal this Court's ruling dismissing his motion under 28 U.S.C. § 2255, he must first secure a certificate of appealability, either from this Court or from the Court of Appeals. *See* FED. R. APP. P. 22(b); 28 U.S.C. § 2253(c)(1). Pursuant to 28 U.S.C. § 2253, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."

This requirement has been interpreted by the Supreme Court to mean that an applicant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner need not show that his appeal will succeed, *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003), but petitioner must show "something more than the absence of frivolity" or the existence of mere "good faith" on

his part. *Id*. at 338 (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). If the district court denies the request, a petitioner may request that a circuit judge issue the certificate of appealability. FED. R. APP. P. 22(b)(1)-(3).

For the reasons detailed above, the Court has determined that petitioner has not stated any grounds for relief under § 2255. Furthermore, the Court finds no basis for a determination that its decision is debatable or incorrect. Thus, Petitioner has not made "a substantial showing of the denial of a constitutional right."

**IT IS THEREFORE ORDERED** that a certificate of appealability shall **NOT** be issued.

## **CONCLUSION**

Petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is **DENIED** on all grounds raised, and the petition is **DISMISSED WITH PREJUDICE.**

A certificate of appealability shall **NOT** be issued.

The Clerk of the Court is **DIRECTED** to enter judgment accordingly.


**IT IS SO ORDERED.**

**DATE: November 22, 2013**

                                    **/s/ WILLIAM D. STIEHL**
                                         **DISTRICT JUDGE**